REQUESTED BY: Dear Senator Simon:
You have requested our advice as to possible constitutional impediments to the enactment of legislation `prohibiting utilities from good will advertising and advertising designed to encourage greater consumption.'
Advertising is a legitimate activity and, although subject to some reasonable regulation, it may not be arbitrarily prohibited. Furthermore the constitutional right to engage in any lawful private business or enterprise carries with it the right to promote that business through otherwise lawful forms of advertising. See 3 Am.Jur.2d, Advertising, § 4, p. 357. It is those principles which would present a legal obstacle to the imposition of any prohibition against otherwise lawful advertising on behalf of a privately owned public utility.
As for a publicly owned utility, such as a city electric system, for example, the situation is quite different; as the matter of expenditure of public funds would be involved. In 56 Am.Jur.2d, Municipal Corporations, § 205, at p. 263, it is stated: `In accordance with the general rule that municipal funds cannot be expended for private or nonpublic uses, it is held that a municipality has no power to make expenditures for advertising or other forms of publicity, in the absence of legislative authority either in the charter or by statute. . . .' Moreover even where there is an express legislative enactment purporting to authorize a governmental subdivision to spend public money for a specific activity or use, the legislation is void if that activity or use does not in fact serve a legitimate public purpose. Chase v. County of Douglas, infra.
There has long been in existence a statute expressly authorizing municipalities and counties to expend public funds `to conduct and carry on a publicity campaign . . . for the purpose of acquiring . . . a municipal electrical distribution system' and for the purpose of subsequent `exploiting and advertising . . . resources, including utility services, of the city, village, or county.' See section18-1401, R.R.S. 1943 (Reissue 1977).
The constitutionality of that statute was under review by the Supreme Court in Chase v. County of Douglas, 195 Neb. 838,241 N.W.2d 334. The statute had been attacked on the grounds that it constituted an invalid attempt by the Legislature to authorize the expenditure of public funds for advertising and other promotion of the utility services of the City of Omaha, among other things. However, the court found that there was sufficient basis for the Legislature to determine that such advertising and publicity served a public purpose such as to justify the expenditure of public funds therefor. The test which the court applied in reaching that conclusion is reflected in the following excerpt from the opinion:
 "The first proposition is that it is for the Legislature to decide in the first instance what is and what is not a public purpose, but its determination is not conclusive on the courts. However, to justify a court in declaring a tax invalid because it is not for a public purpose, the absence of public purpose must be so clear and palpable as to be immediately perceptible to the reasonable mind. . . ."
While Chase v. County of Douglas did not specifically involve the question of advertising by or on behalf of a publicly owned utility, we are inclined to think that such a practice would come within the purview of the court's ruling and that the statutory authority is valid as applied to good will and promotional advertising by a publicly owned utility. This being the case, in order to effect a prohibition against such advertising practices a repeal, pro tanto at least, of section 18-1401 would appear necessary. The mere fact of enactment of section 18-1401, in itself, is some indication of a legislative sense that in the absence of express legislative approval there would be no authority to expend public funds for such advertising and promotion on behalf of utilities. Accordingly, it would appear there may be no real need for any express legislative prohibition. Nonetheless, of course, enactment of a specific legislative ban would eliminate any possible contention that such authority existed by necessary implication from other more general powers.